MEMORANDUM **
Richard Celata appeals the district court’s award of summary judgment to the government on the parties’ cross-motions for summary judgment regarding his attempt to compel the government to return property seized pursuant to a validly executed search warrant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
The district court properly granted the government’s motion for summary judgment. By its terms, 18 U.S.C. § 983 applies only to “property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute.” 18 U.S.C. § 983(a)(2)(A). Similarly, although 18 U.S.C. § 924(d)(1) does provide for the forfeiture of firearms, its requirement that forfeiture proceedings be commenced within one hundred and twenty days of seizure is irrelevant, because the government has an independent legal basis for retaining the various firearms and components it seized.
Celata identifies no authority that indicates he may hold the government to the time limitations in forfeiture statutes when the government is not pursuing forfeiture under those statutes. Indeed, the purported “litany” of precedent Celata cites in support of his position is inapposite, in that none of these cases involved evidence and contraband seized pursuant to a validly executed search warrant. The only procedurally proper way to seek the return of property seized under the circumstances of this appeal would be to file a motion pursuant to Fed.R.Crim.P. 41(g). Even construed as a Rule 41(g) motion, however, Celata’s request for return of the firearms was properly denied. See Ramsden v. United States, 2 F.3d 322, 324-25 (9th Cir.1993). Finally, the district court’s imposition of equitable conditions upon the government’s continued retention of Cela-ta’s property was an appropriate exercise of its discretion. See id.; United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993).
We note that Celata has not been indicted on any criminal charges relating to the seized property, although nearly three years have passed since the government executed its search warrant. The government may not retain Celata’s property indefinitely while pursuing an open-ended investigation. As time passes without any charges actually being filed or otherwise resolved, the equities informing a future Rule 41(g) motion will tilt more emphatically in Celata’s favor.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.